UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>CARL BRUCE HOOPER and LACEY DARLENE HOOPER,<br><br>Debtors. | Case No. 26-40038-BRW<br><br>Chapter 7 |
| BRITTANY EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>CARL BRUCE HOOPER and LACEY DARLENE HOOPER,<br><br>Defendants. | Adv. No. 26-08003-BRW |

**MEMORANDUM DECISION**

In this adversary proceeding, Plaintiff Brittany Edwards ("Plaintiff") seeks a determination that her claims against Debtor-Defendants Carl Bruce Hooper and Lacey Darlene Hooper ("Defendants") are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).[1] Before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 13) (the "Motion") filed on June 9, 2026, along with a statement of undisputed facts, memorandum, and supporting exhibits. The Motion relies on the preclusive effect of an Idaho state court judgment obtained prior to bankruptcy. Defendants did not respond to the Motion but later filed a Motion

[1] Hereinafter, unless otherwise indicated, all section citations are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all citations to a "Rule" are to the Federal Rules of Bankruptcy Procedure, and citations to a "Civil Rule" are to the Federal Rules of Civil Procedure.

for Continuance (Doc. No. 15) on July 15, 2026, the day before the hearing on the Motion.[2] On July 16, 2026, the Court held the hearing on the Motion (the "Hearing"), took the matter under advisement, and denied Defendants' Motion for Continuance. After considering the record and arguments of Counsel, the following constitutes the Court's decision. Rule 7052.

## I. JURISDICTION, AUTHORITY, AND VENUE

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) as referred to it by the district court pursuant to General Order No. 349. This adversary proceeding is a "core" proceeding and is within this Court's constitutional authority to determine via final judgment or order. 28 U.S.C. § 157(b)(2)(I) and (O). Finally, venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. Undisputed Facts

Plaintiff has identified the following as undisputed material facts.[3] Defendants failed to respond to the Motion or provide a statement of disputed and undisputed facts as required by this Court's Local Rules. *See* LBR 7056-1(b)(2).

Prepetition, on May 16, 2025, Plaintiff filed a complaint against Mr. Hooper and Hooper

---

[2] At a pre-trial conference held June 4, 2026, Defendants sought a continuance to permit them to retain counsel. The Court granted the motion, but expressly stated that it was not staying Plaintiff from prosecuting the adversary proceeding as she saw fit and that given this, Defendants should obtain counsel promptly if they determined to do so. *See* Doc. No. 12 (minute entry). Plaintiff filed the instant Motion for Summary Judgment shortly thereafter. The day before the hearing on the motion, Defendants filed a motion, again seeking a continuance because they had not yet obtained counsel. Later, and notably, Defendants had counsel informally appear on their behalf at a hearing on August 5, 2026, in a different adversary proceeding against them (26-08004-BRW). At that time, their intended counsel was made aware of the instant adversary proceeding and its status, however, to date, no formal notice of appearance has been filed in either case.

[3] Submitted as part of the Motion for Summary Judgment, Plaintiff also provided the state court complaint detailing the factual background upon which summary judgment was granted. *See* Doc. No. 13, Ex. D.

Homes LLC in the Seventh Judicial District of the State of Idaho (the "State Court"), Case No. CV26-25-0511, asserting claims for breach of contract, unjust enrichment, conversion, fraud, and violation of the Idaho Consumer Protection Act ("ICPA").[4] On August 15, 2025, the State Court granted summary judgment to Plaintiff and entered an "Order Re Motion for Summary Judgment" against Mr. Hooper as to "each and every count of the *Complaint and Demand for Jury Trial* filed May 16, 2025." Doc. No. 13, Ex. A (emphasis in original). The order explicitly found Mr. Hooper liable for "Breach of Contract, Unjust Enrichment, Conversion, Fraud, and Violation of the Idaho Consumer Protection Act (Unlawful and Deceptive Acts)." *Id.*

Subsequently, on August 19, 2025, Plaintiff filed an Amended Complaint adding Performance Fencing LLC ("Performance Fencing") as a defendant and asserting claims for unjust enrichment and alter ego/piercing the corporate veil. Performance Fencing failed to answer or otherwise defend the action. As a result, on September 25, 2025, the State Court entered an "Order for Default" against Performance Fencing. Doc. No. 13, Ex. B.

That same day, September 25, 2025, the State Court also entered a final judgment (the "Judgment") against Hooper Homes LLC, Mr. Hooper, and Performance Fencing. The Judgment found Mr. Hooper liable to Plaintiff Brittany Edwards for breach of contract, unjust enrichment, conversion, fraud, and violation of the ICPA and awarded Plaintiff $246,663.64 in damages and $17,046.41 in attorney fees and costs. Doc. No. 13, Ex. C. The Judgment also held Hooper Homes LLC liable for those same claims with the same $264,663.64 in damages, but

---

[4] The action involved a residential construction project Plaintiff hired Mr. Hooper and his entity, Hooper Homes LLC, to complete. Plaintiff alleged that after providing funds to Mr. Hooper, those funds were not applied towards the project but instead were diverted elsewhere, leaving materialmen unpaid. Further, she alleged that they did not complete the project as agreed, requiring her to hire a third party to finish the work at a higher cost.

$8,434.91 in attorney fees and costs.[5] *Id.* Additionally, the Judgment held Performance Fencing liable to Plaintiff for unjust enrichment, alter ego, and piercing the corporate veil with the same $246,663.64 in damages, but attorney fees and costs of $3,813. *Id.*

Throughout the state court litigation, Defendants were married. The debt established by the State Court litigation was likewise incurred during Defendants' marriage. On January 26, 2026, Defendants filed a joint chapter 7 case.

On March 27, 2026, Plaintiff initiated this adversary proceeding seeking a declaratory judgment that the State Court debt, consisting of $264,663.64 in damages and attorney fees and costs of $20,859.41,[6] is excepted from discharge under § 523(a) and that Defendants' marital community property remains liable for it pursuant to § 524(a) and (b). Defendants filed an Answer to the complaint on May 12, 2026, generally denying the allegations of Plaintiff's complaint.

Subsequently, Plaintiff filed the Motion arguing that Defendants are precluded from relitigating these issues under the doctrine of collateral estoppel as the elements were already litigated in the State Court. As stated, the Motion was not opposed by Defendants.

## III. APPLICABLE LAW AND ANALYSIS

### A. Summary Judgment Standards

Civil Rule 56(a), incorporated by Rule 7056, provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact," and when

---

[5] The statement of undisputed facts submitted by Plaintiff stated that the Judgment awarded Plaintiff $17,046.41 in attorney fees and costs against Hooper Homes. However, the Court believes this is a scrivener's error as the Judgment itself, at Exhibit C, provides an award of the above-stated $8,434.91 in attorney fees and costs.

[6] This amount of attorney fees and costs includes the $3,813 in attorney fees Plaintiff incurred in the alter ego and veil piercing remedies she pursued against Performance Fencing and the $17,046.41 in attorney fees incurred for the claims she pursued against Mr. Hooper.

viewing the evidence most favorably to the non-moving party, "the movant is entitled to judgment as a matter of law." Civil Rule 56(a); Rule 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). A "genuine" dispute exists where there is sufficient evidence for a reasonable fact finder to find in favor of the non-moving party, and a fact is "material" where it might affect the outcome of the case. *Far Out Prods*., 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986)).

In resolving a motion for summary judgment, the court only determines whether a material factual dispute exists requiring trial; the court does not weigh evidence. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). Where evidence is genuinely disputed on a particular issue, such as by conflicting testimony, that issue "is inappropriate for resolution on summary judgment." *Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1067 (9th Cir. 2016). In cases where intent is at issue, summary judgment is seldom granted; however, "summary judgment is appropriate if all reasonable inferences defeat the claims of one side, even when intent is at issue." *Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 165 (9th Cir. BAP 1999) (citations omitted). Summary judgment may be defeated by evidence "such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015). On the other hand, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial,' and summary judgment is appropriate." *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

The moving party bears the initial burden in demonstrating that there is no genuine issue

of material fact. *Idaho Dep't Labor v. Tileh (In re Tileh)*, 665 B.R. 447, 452 (Bankr. D. Idaho 2024) (citations omitted); *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998). Where the non-moving party bears the ultimate burden of proving an element at trial, they must sufficiently demonstrate the existence of that element to survive the motion for summary judgment, *In re Tileh*, 665 B.R. at 452, and "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery materials, to show that the dispute exists." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008) (quoting *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991)). Where a party does not properly support an assertion of fact, or fails to address another party's assertion of fact, the Court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any appropriate order.

Civil Rule 56(e).

Under this standard, without such opposition, Plaintiff has established as a matter of undisputed fact that Mr. Hooper owes Plaintiff a debt under the Judgment. *See Cheirett v. Biggs (In re Biggs)*, 563 B.R. 319, 323 (Bankr. D. Idaho 2017). Nevertheless, the Court must still determine whether Plaintiff is entitled to judgment as a matter of law. Plaintiff asserts that the Judgment finding Mr. Hooper liable for breach of contract, unjust enrichment, conversion, fraud, and violation of the ICPA and Performance Fencing liable for unjust enrichment, alter ego, and piercing the corporate veil should be afforded preclusive effect and permit this Court to conclude such debt is excepted from discharge under §§ 523(a)(2)(A) and (a)(6).

**B. Issue Preclusion**[7]

Issue preclusion, or collateral estoppel, prevents parties from relitigating factual issues that have already been determined by previous litigation. *Herrera v. Scott (In re Scott)*, 588 B.R. 122, 131 (Bankr. D. Idaho 2018) (citing *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999)). In doing so, "[a] bankruptcy court may rely on the preclusive effect of a state court judgment as the basis for granting summary judgment." *In re Biggs*, 563 B.R. at 324 (citing *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015)). This doctrine applies in exception to discharge proceedings. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824 (9th Cir. BAP 2006) (citing *Grogan v. Garner*, 498 U.S. 279, 284-85, n.11 (1991)). "If an element of a claim under § 523(a) was decided in prior litigation, the debtor will be precluded from contesting that element in the § 523 action." *Mann Mort., LLC v. Howell (In re Howell)*, 2026 WL 852297, at *4 (9th Cir. BAP Mar. 27, 2026). This Court has previously explained that

> [a]s a matter of full faith and credit, 28 U.S.C. § 1738 requires federal courts to apply the pertinent state's issue preclusion laws to determine whether relitigation of an issue is precluded in a subsequent federal action. The party asserting issue preclusion bears the burden of proving its applicability under state law. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). The party must also provide "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff.'d*, 100 F.3d 110 (9th Cir. 1996). Any reasonable doubts as to what was decided by a prior judgment should be resolved against a finding of issue preclusion. *Id.*

---

[7] Plaintiff also argues in the Motion that federal claim preclusion supports entry of summary judgment and bars any collateral attack on the Judgment. However, there is no indication that an exception to discharge claim was contemplated in the State Court litigation, especially considering it was prepetition. Further, the question of whether a debt is excepted from discharge falls outside the scope of state court litigation, as bankruptcy courts have exclusive jurisdiction in that regard. *Dominguez v. Elias (In re Elias)*, 302 B.R. 900, 907 n.7 (Bankr. D. Idaho 2003). Therefore, claim preclusion does not apply and only issue preclusion is examined here. *Id.*

*In re Scott*, 588 B.R. at 131.

Under Idaho law, issue preclusion applies where:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*In re Tileh*, 665 B.R. at 455 (quoting *Byrd v. Idaho State Bd. of Land Comm'rs*, 505 P.3d 708 (Idaho 2022)).

Therefore, the question before the Court is whether, under Idaho preclusion law, the Judgment establishes that the debt owed by Defendants was obtained by fraud under § 523(a)(2)(A) or by willful and malicious injury under § 523(a)(6) such that further litigation of the issue is precluded in this adversary proceeding.

**1. Full and Fair Opportunity to Litigate the Issue**

First, the Court must determine whether Defendants had a full and fair opportunity to litigate this issue during the prior state court action. This is a relatively low standard that merely requires that an argument could have been made in a prior proceeding. *In re Scott*, 588 B.R. at 132 (citing *Bach v. Bagley*, 229 P.3d 1146, 1157 (Idaho 2010)).

Here, Mr. Hooper appeared in the state court action and answered Plaintiff's state court complaint. *See* Doc. No. 13, Ex. G. He did not subsequently respond to Plaintiff's motion for summary judgment. However, such failure, or election not to proceed, does not negate his full and fair opportunity to litigate. As such, this first element is satisfied. *See In re Biggs*, 563 B.R. at 325 (finding that this element was met under similar circumstances).

**2. Identity of Issues**

Under this element, the Court must determine whether the issues litigated in the State Court are identical to those presented in this adversary proceeding. In doing so, the Court must compare and consider whether the elements of the causes of action underlying the Judgment for breach of contract, unjust enrichment, conversion, fraud, and violation of the ICPA against Mr. Hooper individually, and for unjust enrichment and alter ego and veil piercing against Performance Fencing, are the same as those in this discharge proceeding under §§ 523(a)(2)(A) and (a)(6).

**a) Section 523(a)(2)(A)**

An individual debtor will not be discharged from any debt:

> (2) for money, property, services, or an extension renewal, or refinancing of credit, to the extent obtained by –
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

§ 523(a)(2)(A).

To state a claim under § 523(a)(2)(A) for fraud or misrepresentation the plaintiff must show by a preponderance of evidence:

> (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Tileh,* 665 B.R. at 457; *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

**i. Performance Fencing LLC – Unjust Enrichment, Alter Ego, and Veil Piercing**

Plaintiff contends that the Judgment finding Performance Fencing liable for unjust enrichment, and alter ego and piercing the corporate veil, and awarding Plaintiff $246,663.41 in damages and $3,813 in attorney fees and costs is imputed to Mr. Hooper individually, as his alter ego, and satisfies the elements for exception from discharge under § 523(a)(2)(A). Specifically, Plaintiff argues that Performance Fencing's "corporate manipulation constitutes nondischargeable actual fraud" and relies upon *T Street LLC v. Jacques (In re Jacques)*, 615 B.R. 608 (Bankr. D. Idaho 2020). Doc. No. 13 at 13-14. While *In re Jacques* demonstrates that an alter ego, veil piercing claim may establish personal liability that is excepted from discharge, such result is not automatic. The entity's liabilities may be imputed to the individual, but those liabilities must still be proven to be an exception to discharge. *In re Jacques*, 615 B.R. at 632, 634. Further, an alter ego or veil piercing claim is not an independent cause of action, but "a remedy that, without an underlying substantive cause of action, does not lead to substantive relief." *Gugino v. Clark's Crystal Springs Ranch, LLC (In re Clark)*, 525 B.R. 107, 126 (Bankr. D. Idaho 2014) (quoting *Grimmett v. McCloskey (In re Wardle)*, 2006 WL 6811026 (9th Cir. BAP Jan. 31, 2006)). Thus, the Court must consider whether the elements for unjust enrichment, the underlying substantive cause of action against Performance Fencing, align with those under § 523(a)(2)(A).

To prove unjust enrichment under Idaho law, a plaintiff must demonstrate: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Turcott v. Est. of Bates*, 443 P.3d 197, 204 (Idaho 2019).

These elements are not identical to those under § 523(a)(2)(A).

> Unlike a § 523(a)(2)(A) claim, unjust enrichment requires neither a finding that the defendant made false representations upon which the plaintiff relied, nor a finding that the defendant acted with any particular intent. *Gilbert v. Progressive Nw. Ins. Co.*, 577 P.3d 519, 533 (Idaho 2025) ("Unjust enrichment arises from a contract implied-in-law, not from the intent of the parties, but as a remedy imposed to achieve equity."). In contrast, a claim under § 523(a)(2)(A) requires a finding that the defendant made a knowingly false representation with the intent to deceive the creditor, *In re Laraway*, 2010 WL 3703272, at *7 (Bankr. D. Idaho Sept. 13, 2010), and the creditor justifiably relied on that representation. *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840, 855 (Bankr. D. Idaho 2010).

*Bentley v. Grubb (In re Grubb)*, 2026 WL 2172407, at *5 (Bankr. D. Idaho July 28, 2026). Because a claim under § 532(a)(2)(A) requires findings not otherwise necessary to establish unjust enrichment under Idaho law, the State Court's finding that Performance Fencing was liable for unjust enrichment is not entitled to preclusive effect under § 523(a)(2)(A).

Therefore, despite such liability and imputation to Mr. Hooper, the awarded damages, costs, and fees are not entitled to preclusive effect and not excepted from discharge under this theory.[8] Under this analysis, Plaintiff's motion for summary judgment as to the attorney fees and costs of $3,813 included in the Judgment against Performance Fencing is denied.

**ii. Mr. Hooper – Fraud**

Plaintiff asserts that the elements of Idaho common law fraud, the primary basis for the Judgment against Mr. Hooper individually, fully encompass the elements under § 523(a)(2)(A), precluding re-litigation in this proceeding. Under Idaho law,

> nine elements must be proven by clear and convincing evidence to sustain a cause of action for fraud: "1) a statement or a representation of fact; 2) its falsity; 3) its materiality; 4) the

[8] Notably, however, the State Court already held Mr. Hooper personally liable for the $246,663.64 in damages by his own individual conduct. *See* Doc. No. 13, Ex. A & C.

> speaker's knowledge of its falsity; 5) the speaker's intent that there be reliance; 6) the hearer's ignorance of the falsity of the statement; 7) reliance by the hearer; 8) justifiable reliance; and 9) resultant injury."

*Killgore Adventures, LLC v. Marek (In re Marek)*, 468 B.R. 406, 410 (Bankr. D. Idaho 2012) (quoting *Taylor v. McNichols*, 243 P.3d 642, 661-62 (Idaho 2010)). These elements of fraud track those of § 523(a)(2)(A). *In re Marek*, 468 B.R. at 410; *see also Clarke v. Latimer (In re Latimer)*, 2014 WL 2441469, at *3 (Bankr. D. Ha. May 29, 2014) (applying Idaho law and finding that § 523(a)(2)(A) and actual fraud under Idaho law are "essentially the same"); *In re Davis*, 2012 WL 4831494, at *4 (Bankr. D. Idaho Oct. 10, 2012) (concluding that the court is satisfied that "the elements of fraud under Idaho law are the same as those required for an exception to discharge under § 523(a)(2)(A)"). Both require a false statement or misrepresentation, knowledge of the falsity, an intent to deceive/induce reliance, justifiable reliance, and a resultant injury/damage. Even if the Defendants assert that there was an error by the State Court in analysis of these elements, such argument is unavailing. Any perceived error is irrelevant in determining its preclusive effect—such judgment cannot be collaterally attacked. *In re Marek*, 468 B.R. at 411.

Thus, the issues litigated in the State Court finding Mr. Hooper personally liable for fraud are the same as those under § 523(a)(2)(A), satisfying this element of issue preclusion. Because this element is met and the remaining causes of action stem from the same set of underlying facts, the Court need not consider Plaintiff's supplemental arguments under § 523(a)(2)(A) or § 523(a)(6).

**3. Issue was Actually Decided and a Final Judgment on the Merits was Entered**

Courts differ as to whether default judgments, consent judgments, and uncontested summary judgments meet issue preclusion's "actually litigated" requirement. *See Union Nat'l*

*Bank of Marseilles v. Leigh (In re Leigh)*, 165 B.R. 203, 218-19 (Bankr. N.D. Ill. 1993) (discussing the two lines of cases allowing or disallowing the application of collateral estoppel). However, for purposes of res judicata, including both true res judicata and collateral estoppel, the Idaho Supreme Court has held that absent evidence of fraud or collusion, a default judgment is entitled to preclusive effect. *Waller v. State Dep't. of Health & Welfare*, 192 P.3d 1058, 1062 (Idaho 2008); *Idaho Dep't of Labor v. John (In re John)*, 677 B.R. 700, 708 (Bankr. D. Idaho 2025). Likewise, a grant of summary judgment is entitled to preclusive effect. *Andrus v. Nicholson*, 186 P.3d 630, 634 (Idaho 2008) (citing *Ross v. Ross*, 789 P.2d 1139, 1143 (Idaho 1990)); *see also In re Biggs*, 563 B.R. at 326 (finding that a state court's entry of summary judgment met these two preclusion elements even where it was unopposed).

Nevertheless, some cases and jurisdictions utilize a case-by-case approach, imposing certain requirements to afford default or summary judgments preclusive effect. For example, under Arizona law, preclusion requires a party's actual litigation and participation. *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 175-76 (9th Cir. BAP 2013). Thus, in Arizona, neither default judgments nor unopposed summary judgments, which are identical for all practical purposes to a default judgment, qualify as the basis for preclusion. *Id.* at 175.

Under California law, default judgments may be entitled to preclusive effect, but two limitations are placed thereon—the defendant must have had personal, actual knowledge of the litigation and the record must show "an express finding upon the allegation for which preclusion is sought[,]" but this express finding requirement may be "waived if the court in the prior proceeding necessarily decided the issue." *Price v. Reddin (In re Reddin)*, 626 B.R. 845, 855 (Bankr. E.D. Cal. 2021) (quoting *Cal-Micro, Inc. v. Cantrell*, 329 F.3d 1119, 1123-24 (9th Cir. 2003) (internal citations and quotations omitted). In *In re Baloch*, a California state court default

judgment found a debtor-defendant liable for fraud but "[w]hile the state court did not make explicit findings on each of the fraud elements, it could not have rendered a finding on the ultimate issue of [debtor-defendant's] fraud (as it did) unless it implicitly found that each of the fraud elements had been established." *In re Baloch*, 2014 WL 764357, at *4 (9th Cir. BAP Feb. 26, 2014). Thus, in that case the state court's implicit findings as to the fraud elements were sufficient to be considered actually litigated and afforded preclusive effect. *Id.* at 4-5.

Although Idaho does not impose such additional requirements or restrictions, the Court can employ a similar analysis to the Judgment. Much like in *In re Baloch*, the State Court found Mr. Hooper liable for fraud, among other causes of action, without providing explicit findings as to each element. However, to reach that conclusion, the State Court necessarily had to find that each element had been met, albeit implicitly. Further, despite a lack of findings of fact or conclusions of law in the Judgment, courts have nevertheless found that a state court judgment may be entitled to preclusive effect. *See In re Latimer*, 2014 WL 2441469, at *1, 2 n. 7 (applying Idaho law, likening an unopposed summary judgment to a default judgment, and finding that the state court's summary judgment, which did not include written findings of fact or conclusions of law, and subsequent order granting punitive damages, actually decided all of the issues necessary to support its judgment); *Digit. Sys. Eng'g, Inc. v. Moreno (In re Moreno*), 414 B.R. 485, 492 (Bankr. W.D. Wisc. 2009) (applying Arizona law and finding that the state court's minute entry granting partial summary judgment had "implicitly reached the issues essential to its judgment, [such] that [the] judgment supports a finding of facts necessary for nondischargeability pursuant to § 523(a)(2)"); *Harris v. Curley (In re Curley)*, 666 B.R. 673, 682-83 (Bankr. D. Or. 2024) (indicating that under Oregon law, the actually litigated requirement is met even where the judgment was entered by default without findings); *Tobin v.*

*Sans Souci Ltd. P'ship (In re Tobin)*, 258 B.R. 199, 203 (9th Cir. BAP 2001) (stating that "[w]hile the transcript of the state court summary judgment hearing is not in the record before us, the parties do not dispute (and we infer from the state court judgment) that the issues were litigated at summary judgment"); *but see Strong v. Dir. of State of Idaho*, 2005 WL 1421445, at *6 (D. Idaho June 15, 2005) (concluding that the state court's order granting summary judgment and dismissing the suit was insufficient to determine whether a judgment on the merits was entered because the judgment did not specify the reasons beyond those "articulated at hearing" and the court did not have the hearing transcript or judgment reflecting whether such dismissal was with or without prejudice)[9]; *Helber v. Cline (In re Cline)*, 614 B.R. 284, 289 (Bankr. S.D. Ohio 2020) (finding that a single-page state court default judgment without listing the causes of action or providing factual findings or legal conclusions, was insufficient to be entitled to preclusive effect.)

The Judgment did not include explicit findings of fact or conclusions of law, however, it specifically found Mr. Hooper liable for fraud. As such, the issues were "actually decided" and constitute "a final judgment on the merits," satisfying the third and fourth elements for issue preclusion.

**4. Identity of Parties**

The element of the identity of the parties is also met because Plaintiff and Mr. Hooper were both parties in the State Court action. However, Mrs. Hooper, joint debtor and a named defendant in this adversary proceeding, was not a party in the State Court litigation. As such,

---

[9] While *Strong* ultimately found that summary judgment was inappropriate, it is distinguishable from the instant case based on the underlying facts, its defensive use of res judicata, or claim preclusion, rather than offensive issue preclusion, and the court's concern and uncertainty about whether the state district court's dismissal was with or without prejudice.

issue preclusion as to Mrs. Hooper is not appropriate. The Motion is denied to the extent it seeks a determination on summary judgment that the debt is excepted from discharge as to Mrs. Hooper.

**C. Damages**

After determining that the Judgment has met all the elements of issue preclusion under Idaho law for its finding of fraud and is entitled to preclusive effect and thus excepted from discharge under § 523(a)(2)(A) as to Mr. Hooper, the Court must now consider the amount in damages to be excepted from discharge given the State Court's collective award of damages for all causes of action. Although the Judgment does not allocate specific damages to each individual cause of action, Plaintiff argued at the Hearing that the requested damages are attributable to each individual count, and all counts. For example, Plaintiff stated that even if she only sued for fraud, the amount in damages would have been the same. This is consistent with the allegations and damages sought in the State Court complaint. Doc. No. 13, Ex. D.[10] Effectively, the same course of related conduct underlies each claim against Defendant that resulted in a single loss suffered by Plaintiff (*i.e.* $246,663.64). In *In re Baloch*, the BAP found that all the plaintiff's damages were attributable to a defendant's fraud where it was "clear that [the plaintiff] suffered a single loss and that fraud and breach of contract were pled as alternate theories of relief based on the same loss." *In re Baloch*, 2014 WL 764357, at *5; *see also Rael v. Gonzales (In re Gonzales),* 667 B.R. 357, 374 (Bankr. D.N.M. 2025) (citing *Beard Rsch., Inc. v. Kates (In re Kates)*, 485 B.R. 86, 111 (Bank. E.D. Pa. 2012) (holding that the court need not

[10] However, the Court notes that the damages sought under each cause of action alleged in the State Court complaint vary. The counts for fraud, breach of contract, and alter ego/veil pierce included both the $96,663.64 and $150,000 in damages while the claims for unjust enrichment and conversion only sought $96,663.64 in damages. The claim for ICPA requested "actual damages."

determine whether the five successful state court claims were "nondischargeable and, if any of them are not, allocate the nondischargeable claims among them" because the plaintiff's injuries were caused by debtor-defendant's "single course of related conduct")).

The same could be said here as Plaintiff's claims against Mr. Hooper are merely different legal avenues to reach the same loss—the $96,663.64 in damages for money paid but not applied to the project and the $150,000 in increased costs to finish the project. Further, where the damages for each cause of action are indistinguishable from the others, the Court will consider them as a lump sum. *See Erickson v. Bundy (In re Bundy)*, 673 B.R. 492, 514 (Bankr. D. Utah 2025) (finding that the bankruptcy court must apply the entire Idaho default judgment as "[t]o do otherwise would constitute an impermissible re-opening" of the judgment).

Further, once it has been established that a debtor obtained money, property, or services by fraud, as has been done here, "any debt arising therefrom is excepted from discharge," including attorney fees and costs. *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998).

Therefore, the Judgment is entitled to preclusive effect, as discussed above, and the $246,663.64 in damages and $17,046.41 in attorney fees and costs are excepted from discharge under § 523(a)(2)(A) as to Mr. Hooper.[11]

**D. Liability of the Postpetition Community Property for the Non-Dischargeable Debt**

Plaintiff also seeks a determination that Defendants' community property is liable for the debt determined to be excepted from discharge as to Mr. Hooper, pursuant to § 524(a)(3).[12] So

[11] As determined above, the State Court's award of $3,813 in attorney fees and costs against Performance Fencing LLC is not entitled to preclusive effect.

[12] This statute provides:

> (a) A discharge in a case under this title— . . . (3) operates as an injunction against the commencement or continuation of an action, the employment

(Continued)

long as the debt is determined to be a community claim, by natural operation of § 524(a)(3), this debt would be collectable against Defendants' community property postpetition.

Mr. Hooper's liability for purposes of excepting a debt from discharge under § 523(a)(2)(A) is established by the Judgment's preclusive effect. Such liability, however, cannot be imputed to Mrs. Hooper and her sole and separate property, on this record at the summary judgment stage, because generally, "a marital union alone, without a finding of a partnership or other agency relationship between spouses, cannot serve as a basis for imputing fraud from one spouse to the other for purposes of excepting a debt from discharge under § 523(a)(2)(A)." *M.O. v. Del Rosario (In re Del Rosario)*, 668 B.R. 618, 628 n. 8 (9th Cir. BAP 2025) (quoting *Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa),* 258 B.R. 192 (9th Cir. BAP 2001)) (quotations omitted); *see also Bartenwerfer v. Buckley*, 598 U.S. 69, 80-83 (2023) (holding that a partner's vicarious liability for fraud debts may be nondischargeable regardless of whether the debtor himself committed the fraud). Such analysis, however, "applies only to determine whether the innocent spouse gets her own discharge, and thus whether her sole and separate property will be free from the debt or liable for it." *Arcadia Farms Ltd. v. Rollinson (In re Rollinson)*, 322 B.R. 879, 884-85 (Bankr. D. Ariz. 2005) (noting that *Tsurukawa* did not address community property or § 524(a)(3)); *In re San Vincente*, 2023 WL 415161, at *7 (Bankr. S.D. Cal. Jan. 25, 2023). The Judgment does not name Mrs. Hooper as a defendant or attribute

---

> of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after commencement of the case, on account of any allowable community claim, *except a community claim that is excepted from discharge under section 523* . . . , in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor . . . .

§ 524(a)(3) (emphasis added).

any liability to her. Therefore, the Motion is denied as to Mrs. Hooper individually, except as provided in § 524(a)(3). To the extent that Plaintiff seeks a determination that the Judgment should be excepted from Mrs. Hooper's discharge, a trial in this case will likely be necessary.

Notwithstanding Mrs. Hopper's lack of personal liability for the Judgment, any award against Mr. Hooper is presumed to be a community debt, if it was incurred during the marriage. The Code defines a "community claim" as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." § 101(7). Whether a debt is a community claim is a question of state law. *F.D.I.C. v. Soderling (In re Soderling)*, 998 F.2d 730, 733 (9th Cir. 1993). "In Idaho, indebtedness incurred by a spouse during marriage is presumed to be a community obligation." *United States Trustee v. Warr (In re Warr),* 410 B.R. 891, 896 (Bankr. D. Idaho 2009) (citing *Simplot v. Simplot,* 526 P.2d 844, 851 (Idaho 1974)). Further, Idaho courts have "long held that the separate debts of either spouse may be paid from community property[,]" even where they are not incurred for the benefit of the community. *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 235 P.3d 1188, 1192-93 (Idaho 2010). Thus, the Judgment at issue is a community claim and may be satisfied with community assets as provided in § 524(a)(3).[13]

## IV. CONCLUSION

Each of the state law preclusion factors have been met and the Judgment as to its finding of fraud is entitled to preclusive effect. For purposes of this adversary proceeding, Plaintiff has

[13] While "[n]ormally, the discharge causes community property acquired post-petition to be free from pre-petition community claims" under § 524(a)(3), such discharge does not immunize postpetition community property from community debt where it is excepted from discharge under § 523. *In re San Vincente*, 2023 WL 415161, at *7 (quoting *Rollinson*, 322 B.R. at 883).

established that Mr. Hooper's debt was obtained by fraud, that there are no genuine issues of material fact, and that she is entitled to judgment as a matter of law. Accordingly, the debt represented by the Judgment against Mr. Hooper consisting of $264,663.64 in principal damages and $17,046.41 in attorney fees and costs owed to Plaintiff is excepted from discharge pursuant to § 523(a)(2)(A). The remaining $3,813.00 in attorney fees and costs sought by Plaintiff through the Judgment finding Performance Fencing LLC liable for unjust enrichment, alter ego, and veil piercing is not entitled to preclusive effect, and the Motion is denied to the extent it seeks this amount. Finally, issue preclusion as to Mrs. Hooper is not appropriate and a determination that the Judgment is excepted from her discharge is denied to the extent Plaintiff seeks such a finding in the Motion. However, given the determination as to Mr. Hooper herein, § 524(a)(3) applies as to Defendants' community property.

A separate order will be entered.

DATED: August 20, 2026

Brent R. Wilson
U.S. Bankruptcy Judge